IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA WATSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1635-SMY |
| | ) |
| DELAWARE NORTH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiff Teresa Watson's Motion for Leave to Proceed *in forma pauperis* (Doc. 4). Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Court is satisfied from Watson's affidavit that she is indigent and cannot pay the $400.00 filing fee at this time. Her bi-weekly take-home income is $275.00. She does not have any additional source of income and or money in her bank account. Her monthly debts total one-half of her monthly income. The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus

save everyone time and legal expense"). In conducting a § 1915(e)(2) screening, the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, under Rule 8 of the Federal Rules of Civil Procedure, a Complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> 
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> 
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
> 
> Fed. R. Civ. P. 8(a).

Plaintiff makes the following allegations in the "Statement of Claim" section of the form Complaint: "On October 5, 2023, I called Mr. Bridegroom. He said that he would be happy to be a great reference for me. I then called and left a message for Ms. Hand. Towards the evening, I learned that I had missed a call. I called the number and Mrs. Brandy Watson began seemingly reading." Plaintiff's allegations fail state a cognizable claim. S*ee DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."). The Court is unable to discern who the named individuals are and what role, if any, they had in any alleged constitutional violations.

The EEOC Charge attached to the Complaint provides slightly more detail regarding Plaintiff's allegations. In the Charge, Plaintiff alleges that Defendant hired her in September 2022 as a Guest Service Attendant. She alleges that she was in excellent standing with her employer and was told that she would stay in her position as a Guest Service Attendant, or she

could resign while she looked for other positions. Plaintiff alleges that she was micromanaged by some managers. Plaintiff alleges she was sexually harassed, denied a promotion, wrongfully discharged, denied her comfortable duties previously offered, and retaliated against based on her race, color, sex, religion, age, and disability.

Although the Charge provides a little more detail, Plaintiff still does not state enough facts to plausibly suggest relief for any type of impermissible discrimination or retaliation. Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice** and her motion to proceed *in forma pauperis* is **DENIED**. All pending motions are **TERMINATED** as **MOOT**. Plaintiff may file an amended complaint detailing her alleged claims of discrimination and retaliation within 30 days.

**IT IS SO ORDERED.**

**DATED: September 25, 2024**

**STACI M. YANDLE**
**United States District Judge**