IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA WATSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1635-SMY |
| | ) |
| DELAWARE NORTH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Teresa Watson filed this pro se action against Delaware North. On September 25, 2024, the Court denied Watson's motion for leave to proceed in forma pauperis and dismissed her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) (Doc. 9). Now pending before the Court are Watson's Motion to Amend Complaint (Doc. 10), Motion to Appoint Counsel (Doc. 11), and Amended Complaint (Doc. 13). For the following reasons, the motions are **DENIED**.

In the Amended Complaint, Watson alleges that various Delaware North employees discriminated against her due to age, color, disability, race, religion, sex, and retaliation. While *pro se* plaintiffs' allegations are given lenience and need not be artfully pled so long as they present a basic story that holds together, if the lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate. *See e.g. Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (finding the plaintiff's complaint was too verbose and convoluted to justify allowing it to proceed beyond screening even if it did present potentially meritorious claims buried as a needle amongst a haystack). Even under the liberal pleading standards applicable to *pro se* litigants, Watson's Amended Complaint fails to set forth factual allegations sufficient to cross the

speculation threshold or to plausibly suggest relief for any type of impermissible discrimination or retaliation.

The lengthy Amended Complaint describes a litany of incidents between Watson and her co-workers that occurred during Watson's employment with Delaware North. However, there are no allegations or facts suggestive of discriminatory treatment based on age, color, disability, race, religion, sex, and retaliation. Thus, Watson fails to present any factually or legally meritorious grounds for her lawsuit to proceed before this Court.

Based on the foregoing, Plaintiff's Motion to Amend (Doc. 10) and Motion to Appoint Counsel (Doc. 11) are **DENIED**; Plaintiff's Amended Complaint (Doc. 13) is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

DATED:  March 24, 2025

*[signature]*

**STACI M. YANDLE**
**United States District Judge**